


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | No. 04-10168 |
|---|---|
| Plaintiff - Appellant, | D.C. No. CR-04-00003-JSU |
| v. | |
| RENEE ROSE DUENAS DIAZ, | **JUDGMENT** |
| Defendant - Appellee. | |

Appeal from the United States District Court for the District Of Guam (Hagatna).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District Of Guam (Hagatna) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 07/11/05

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

AUG 0 3 2005

by: _____
Deputy Clerk

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 11 2005

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>RENEE ROSE DUENAS DIAZ,<br><br>Defendant - Appellee. | No. 04-10168<br><br>D.C. No. CR-04-00003-JSU<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Guam
John S. Unpingco, District Judge, Presiding

Argued and Submitted May 11, 2005
Honolulu, Hawaii

Before: D.W. NELSON, HALL, and CALLAHAN, Circuit Judges.

The United States appeals the district court's order dismissing an indictment of defendant Renee Rose Duenas Diaz. The district court correctly held that mutual mistake of law does not invalidate a plea bargain. *United States v. Barron*,

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

172 F.3d 1153, 1158-59 (9th Cir. 1999). As the drafter of the agreement, the government bore the risk that changes in law would invalidate the underlying offense. *Id.* at 1161.

The government breached its agreement with Diaz because it agreed "not to prosecute defendant . . . for any other non-violent offenses . . . known to the government or which [defendant] reveal[ed] to federal authorities." The government therefore by the terms of its agreement could not prosecute Diaz on different charges stemming from the conduct underlying the offense to which Diaz pled guilty. The district court was within its discretion to order the government to adhere to the terms of its agreement, and thus correctly dismissed the indictment. *See United States v. Sandoval-Lopez*, 122 F.3d 797, 800 (9th Cir. 1997).

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

AUG 0 3 2005

by: _____
Deputy Clerk

INTERNAL USE ONLY: Proceedings include all events.
04-10168 USA v. Diaz

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff - Appellant | Marivic P. David<br>671-472-7332<br>[COR LD NTC aus]<br>108 Hernan Cortez, Ste.500<br>Hagatna, GU 96910 |
| v. | |
| RENEE ROSE DUENAS DIAZ<br>    Defendant - Appellee | Curtis C. Van de Veld, Esq.<br>Suite 215<br>[COR LD NTC cja]<br>194 Hernan Cortez Ave.<br>Hagatna, GU 96910 |